| | | |
|---|---|---|
| **CYNTHIA DeBLANC,** | * | |
| | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | **DIVISION** |
| versus | * | **JUDGE** |
| | * | |
| **ST. TAMMANY PARISH SCHOOL** | * | **MAG. NO.** |
| **BOARD,** | * | **MAG. JUDGE** |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

The Plaintiff, Cynthia DeBlanc, a person of the full age of majority and a resident of the Parish of *, State of Louisiana, states the following:

### NATURE OF THE ACTION

1. This is an action to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment against Cynthia DeBlanc in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111, et seq. and on the basis of retaliation for asserting her rights under the ADA.

2. Appropriate legal and equitable relief is sought pursuant to 29 U.S.C. §42 U.S.C. §12111 et seq.

3. The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on March 17, 2009 against The St. Tammany Parish School Board complaining of the acts of discrimination which are also alleged herein. The Plaintiff received a Notice of Right to Sue which is dated July 25, 2013.

4. The Plaintiff has fully complied with all prerequisites and conditions precedent to jurisdiction in this Court under the ADA. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, and 1343. This action is authorized and instituted pursuant to 42 U.S.C. §12101, et

seq.

5. Venue in this Court is proper based on 28 U.S.C. §1391. The employment practices about which the Plaintiff complains herein were committed within the jurisdiction of this Court.

## PARTIES

6. Cynthia DeBlanc, the Plaintiff herein, began working for the St. Tammany Parish School Board at various St. Tammany Parish public schools in January 2008. The St. Tammany Parish School Board hired Ms. DeBlanc as a Mental Health Provider after Darryl Bruno, Crisis/Mental Health Coordinator for the St. Tammany Parish Public Schools, interviewed her in December 2007. Mr. Bruno, like Ms. DeBlanc, is licensed as a social worker in the State of Louisiana. During the interview, Ms. DeBlanc explained to Mr. Bruno that she suffered from a condition described as "chemo brain," which resulted after her treatment with chemotherapy to treat breast cancer. "Chemo brain" is a condition is which there are certain cognitive changes and dysfunctions. With Ms. DeBlanc, the effects of the chemotherapy on her brain rendered her with difficulties in processing certain linear tasks, such as completing paperwork and forms and following geographical directions.

7. On May 20, 2009, the Defendant, through Mr. Bruno, terminated the Plaintiff from her position as a Mental Health Provider. At the time that the Defendant fired Ms. DeBlanc, she continued to experience "chemo brain" as a disability.

8. The St. Tammany Parish School Board, the employer herein, is a body corporate organized by the State of Louisiana and St. Tammany Parish with the power to sue and be sued under La. R.S. 17:51. It has continuously been an employer within the meaning of the ADA.

9. The Plaintiff filed a charge of discrimination alleging violations of the ADA with the EEOC more than 30 days before the filing of this lawsuit. All conditions precedent to the filing of

this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least May 20, 2009 and June 12, 2009, the Defendant has engaged in unlawful employment practices in St. Tammany Parish, Louisiana by terminating Ms. DeBlanc from her position as a Mental Health Provider and thereafter discriminating against her on the basis of her disability and retaliating against her on the basis of opposing practices made illegal under the ADA.

11. At the time that the Defendant employed her, the Defendant was aware of Ms. DeBlanc's disability which did not affect her ability to perform the essential functions of her job. Mr. Bruno hired Ms. DeBlanc to work as a social worker and counsel students as assigned at various public schools in the St. Tammany Parish School system. Her disability only affected peripheral aspects of performing her job, such as arriving at the different school locations for which she required directions and completing various forms for which she occasionally required assistance or additional explanation for the various documents that she was asked to fill out. Ms. DeBlanc requested that Mr. Bruno inform the staff at the various schools about her condition.

12. On May 20, 2009, Mr. Bruno terminated Ms. DeBlanc in front of other attendees at a workshop for mental health professionals that she, Mr. Bruno, other St. Tammany Parish School Board social workers, and other social workers were attending. The seminar was on Trauma Focused Cognitive Behavioral Treatment. During the workshop, Ms. DeBlanc made a statement and compared the use of a racial epithet in an analogy to describe the use of a certain term for individuals diagnosed with a particular condition. Later that day, Mr. Bruno directed Ms. DeBlanc to leave the seminar immediately and threatened to call the police if she did not vacate the premises. Ms. DeBlanc questioned why he was terminating her, but he did not give a response other than "School." He stated that he would meet with her the following week.

13. Mr. Bruno did not meet with Ms. DeBlanc. On June 12, 2009, Ms. DeBlanc attended another social work continuing education workshop and spoke with two former colleagues who work as counselors for the St. Tammany Parish School Board. Ms. DeBlanc mentioned to her former co-workers that she had consulted an attorney to take action against the School Board concerning her termination. One of these individuals had a meeting with Mr. Bruno that day as part of ongoing supervision for licensing.

14. On June 12, 2009, Mr. Bruno faxed a complaint to the Louisiana State Board of Social Work Examiners about Ms. DeBlanc in which he alleged that she committed various infractions over the previous year and questioned her ability to function in the social work profession. He included a reference to the incident 23 days earlier at the workshop. Despite the fact that Mr. Bruno included alleged incidents and allegations that any licensed social worker is duty-bound to report immediately, neither Mr. Bruno, the alleged witnesses, nor anyone else from the St. Tammany Parish School Board had reported these incidents until 23 days after Mr. Bruno fired Ms. DeBlanc and on the same day that Ms. DeBlanc informed her former colleagues that she was employing an attorney to represent her for her claim against the School Board.

15. The incidents alleged by Mr. Bruno in the complaint could have resulted in the loss of Ms. DeBlanc's license and her profession based upon what Mr. Bruno included in his complaint.

16. Following an investigation by the Louisiana State Board of Social Work Examiners, the Board and Ms. DeBlanc executed a consent agreement and order in which Ms. DeBlanc simply admitted to limited instances in which she inadvertently provided services to minor clients without the proper parental or guardian authorization. As part of the consent agreement and order, she also agreed to obtain proper authorizations and to be supervised by another licensed social worker for one hour per month for six months, pass the Board's Open Book Examination on the Social Work

Practice Act and Rules, Standards & Procedures, and to pay a portion of the investigative and legal costs associated with the complaint which Mr. Bruno filed with the Louisiana State Board of Social Work Examiners.

17. On information and belief, the Plaintiff alleges that Mr. Bruno did not file a complaint with the Louisiana State Board of Social Work Examiners against any other St. Tammany Parish School Board social worker who either did not have a disability or who sought to oppose practices made illegal under the ADA.

18. The actions by the Defendant about which the Plaintiff complains violated the ADA because the St. Tammany Parish School Board terminated Ms. DeBlanc on the basis of her disability and as retaliation for Ms. DeBlanc seeking to oppose practices made illegal under the ADA.

19. The effect of these practices has been to deprive Ms. DeBlanc of equal employment opportunities by terminating her employment improperly on the basis of her disability and in retaliating against her on the basis of Ms. DeBlanc opposing practices made illegal under the ADA.

20. Ms. DeBlanc has sustained injuries, including the loss of pay, both past and future, as well as pain and suffering and mental anguish and distress, as a result of the Defendant's actions.

21. The Plaintiff requests a trial by jury on all matters which are triable by a jury.

**WHEREFORE,** the Plaintiff, Cynthia DeBlanc, respectfully requests that this Court:

I. Issue a judgment recognizing that the acts and practices about which the Plaintiff complains herein are in violation of the ADA, 42 U.S.C. §12111, et seq.;

II. Issue a judgment directing the Defendant to place the Plaintiff in the position that she would have been in the Defendant had not discriminated against her on the basis of her disability and had not retaliated against her on the basis of opposing practices made illegal under the ADA and to make her whole by awarding her back pay, front pay, benefits, medical expenses and other specific

compensatory damages, as appropriate, with judicial interest;

  III. Awarding the Plaintiff general compensatory damages as appropriate for her pain and suffering and mental anguish and distress;

  IV. Awarding the Plaintiff her attorney's fees; and

  V. Granting any and all further general and equitable relief.

          Respectfully submitted,

          /s/ _____
          DWAN S. HILFERTY, ESQ.
          La. Bar Roll No. 1416
          701 Papworth Avenue, Suite 207
          Metairie, Louisiana 70005
          Telephone: (504) 219-0449
          Facsimile: (504) 828-2293
          E-mail: dwanhilferty@cox.net