# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 15-30367
Summary Calendar
_____

D.C. Docket No. 2:13-CV-6253

United States Court of Appeals
Fifth Circuit

**FILED**
February 18, 2016
Lyle W. Cayce
Clerk

CYNTHIA DEBLANC,

    Plaintiff - Appellant

v.

ST. TAMMANY PARISH SCHOOL BOARD,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



**Certified as a true copy and issued
as the mandate on Mar 11, 2016**

Attest:  *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30367
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 18, 2016
Lyle W. Cayce
Clerk

CYNTHIA DEBLANC,

    Plaintiff - Appellant

v.

ST. TAMMANY PARISH SCHOOL BOARD,

    Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6253

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

    Plaintiff Cynthia DeBlanc ("DeBlanc") appeals the district court's grant of summary judgment to St. Tammany Parish School Board ("St. Tammany") on her Americans with Disabilities Act ("ADA") discrimination and retaliation claims. The district court (1) declined to grant DeBlanc a continuance under Federal Rule of Civil Procedure 56(d) in order to allow her to conduct discovery

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 15-30367　　Document: 00513415803　　Page: 2　　Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 3 of 11

No. 15-30367

prior to ruling on the motion for summary judgment, (2) determined that DeBlanc's discrimination claim was time-barred because she failed to file an EEOC charge within 300 days, and (3) determined that DeBlanc had failed to make a prima facie showing on her retaliation claim. We affirm.

## I.

DeBlanc suffers from a mild neuro-cognitive condition called "chemo brain" as a result of prior treatment for breast cancer, and she alleges that St. Tammany discriminated against her on the basis of that condition in violation of the ADA when it fired her from her position as a Mental Health Provider on May 20th, 2009. The district court granted summary judgment in favor of St. Tammany on DeBlanc's discrimination claim, concluding that the claim was time-barred because DeBlanc had failed to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory action as required by statute.[1] *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). The district court also declined to apply equitable tolling to the claim, finding no grounds on which to do so. On appeal, DeBlanc does not dispute that she filed her EEOC charge 301 days after the occurrence of the employment action that she alleges was unlawful (her firing)—DeBlanc only argues that the district court erred in refusing to apply equitable tolling in order to save her claim.

We have held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a

---

[1] There was some confusion in the district court as to whether DeBlanc alleged discrimination only on the basis of her termination or also alleged discrimination stemming from a later complaint against DeBlanc that St. Tammany's Mental Health Coordinator filed with the Louisiana State Board of Social Work Examiners. This confusion arose because DeBlanc filed an amended EEOC charge in which she alleged that the complaint "was an act of discrimination against [her] and in violation of the Americans with Disabilities Act of 1990." On appeal, however, DeBlanc makes clear that her "allegations of discrimination did not arise from the complaint; the discrimination arose from [the] act in firing her." Thus, we consider only whether DeBlanc's discrimination claim stemming from her termination on May 20th, 2009 is time-barred.

2

Case: 15-30367     Document: 00513415803     Page: 3     Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 4 of 11

No. 15-30367

requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711 (5th Cir. 2011) (quoting *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008)). However, equitable tolling is to be applied "sparingly," *id.* at 712 (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 133 (2002)), and "[t]he plaintiff has the burden to provide justification for" its application. *Id.* (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)). Furthermore, when a district court determines whether to apply equitable tolling as "a fact-specific, discretionary matter," we review that determination only for abuse of discretion. *Id.*

In the context of an ADA suit, we have recognized at least "three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). DeBlanc asserts that the present case "clearly falls into the second justification" because she "did not know why she was fired on May 20, 2009," and her supervisor "repeatedly refused to tell her why in spite of his being asked several times." Thus, DeBlanc argues that she did not learn she was fired because of her disability until she received a copy of a complaint her former supervisor filed against her with the Louisiana State Board of Social Work Examiners on June 12th, 2009, and the statutory period for filing her EEOC charge should accordingly have been tolled until that date. We have made clear, however, that equitable tolling based on an employer's concealment of facts typically only applies in circumstances where "the employer's affirmative acts mislead the employee and induce him not to act within the limitations period." *Id.* (emphasis omitted). For instance, a common

3

Case: 15-30367   Document: 00513415803   Page: 4   Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 5 of 11

No. 15-30367

factual scenario in which we have found tolling appropriate involves employer misrepresentations about the possibility of continued future employment following termination. *See Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 458–59 (5th Cir. 2011) (discussing an earlier case in which an employer "at various times told the employee it intended to rehire him but then never did").

In contrast, we rejected a tolling argument similar to the one DeBlanc raises in *Manning*, where the plaintiff claimed that tolling was appropriate because "he was unaware that his alleged disability (his stuttering) might have affected [his employer's] decision" not to reassign him to a different position "until the company released the notes from [the plaintiff's] interview for the positions," in which "negative comments about [the plaintiff's] speech and communication skills" were found. 332 F.3d at 880. In other words, the plaintiff argued that he was misled by his employer about his ADA claim because "until these notes were released," he had "no way of knowing that he might have been discriminated against based on his disability." *Id.* We concluded that tolling should not apply on the facts presented in *Manning*, noting that the employer had not "[taken] any action that might have induced [the plaintiff] not to file a charge of discrimination." *Id.* In the same way, we think that the mere failure of DeBlanc's supervisor in this case to provide DeBlanc with a reason for her firing did not constitute an "affirmative act[]" that "misle[d]" DeBlanc and "induce[d] [her] not to act within the limitations period." *Id.* As such, we conclude that the district court did not abuse its discretion in declining to apply equitable tolling on the facts of the present case.

## II.

DeBlanc also alleges that the aforementioned complaint her former supervisor, Mental Health Coordinator Darryl Bruno ("Bruno"), filed against her with the Louisiana State Board of Social Work Examiners (the "Board")

4

Case: 15-30367     Document: 00513415803     Page: 5     Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 6 of 11

No. 15-30367

constituted an act of retaliation in violation of the ADA.[2] The district court concluded that DeBlanc's retaliation claim based on Bruno's complaint was timely, as the complaint was filed on June 12th, 2009—less than 300 days prior to the filing of DeBlanc's EEOC charge on March 17, 2010.[3] Nevertheless, the court went on to find that DeBlanc had failed to make a prima facie showing of retaliation and St. Tammany was thus entitled to judgment as a matter of law on the claim. On appeal, DeBlanc contends that "[t]he evidence in the record" establishes Bruno's complaint as a "frivolous . . . preemptive effort to defend against what he thought Mrs. DeBlanc might do for discriminating against her in firing her." In support of this contention, DeBlanc refers to evidence suggesting that Bruno's complaint was filed soon after Bruno received a letter from DeBlanc's attorney requesting payment of owed wages and an explanation for DeBlanc's firing. We agree with the district court that DeBlanc failed to make a prima facie showing of retaliation under the ADA.

We review a district court's ruling on a motion for summary judgment *de novo*, applying the same standard as the district court. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015). Summary judgment is

---

[2] As with DeBlanc's discrimination claim, the district court addressed retaliation stemming both from DeBlanc's May 20th, 2009 termination and Bruno's June 12th, 2009 complaint, because DeBlanc's amended EEOC charge alleged that her "firing" was "an act of retaliation and in violation of the Americans with Disabilities Act of 1990." However, DeBlanc's argument on appeal concerns only alleged retaliation based on Bruno's complaint, and we accordingly limit our analysis to that allegation.

[3] St. Tammany maintains on appeal that DeBlanc's retaliation claim based on Bruno's complaint is time-barred because the claim was only raised in DeBlanc's amended EEOC charge, filed on March 8, 2012, and "there is no basis to suggest that any claim for retaliation should relate back." The district court, however, determined that although DeBlanc had not checked the box for "retaliation" in her initial EEOC charge from 2010, allegations of retaliation included in her *intake questionnaire* were within the scope of that original charge based on the EEOC investigation that grew from it. Because St. Tammany does not argue that the district court's conclusion on this point was erroneous, we find that they have abandoned the issue by failing to brief it. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned [it].").

5

Case: 15-30367  Document: 00513415803  Page: 6  Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS  Document 41  Filed 03/15/16  Page 7 of 11

No. 15-30367

proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is material only 'if its resolution could affect the outcome of the action.'" *Manning*, 332 F.3d at 877 (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). "In determining whether there is a dispute as to any material fact, we consider all of the evidence in the record" and "'draw all reasonable inferences in favor of the nonmoving party[.]'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). "If we determine, after giving credence to the facts as presented by the nonmoving party, that 'the moving party is entitled to judgment as a matter of law,' we affirm the grant of summary judgment." *Id.* (quoting FED. R. CIV. P. 56(c)).

In order to avoid summary judgment on an ADA retaliation claim, "a plaintiff must establish a [prima facie] case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). In the present case, there is some dispute as to whether Bruno filed the complaint against DeBlanc before or after he received a letter from her attorney on June 18th, 2009 requesting "all amounts due in connection with [DeBlanc's] employment" under "Louisiana law" and "an explanation of why [Bruno] fired her." The complaint itself is dated June 12th, 2009, suggesting that Bruno filed it before the letter from DeBlanc's attorney was sent. However, DeBlanc points to the notice she received from the Board on June 24th, 2009, which states that the Board received Bruno's complaint on June *19th*. Thus, DeBlanc claims that Bruno filed his complaint in retaliation for DeBlanc's attempts to pursue legal options against St. Tammany through her attorney's letter. Ultimately, we conclude that it makes no difference whether Bruno filed his complaint before or after he received the letter from DeBlanc's attorney, as even "giving credence to the

Case: 15-30367     Document: 00513415803     Page: 7     Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 8 of 11

No. 15-30367

facts as presented by the nonmoving party," DeBlanc has failed to make a prima facie showing of "engagement in an activity protected by the ADA." *Manning*, 332 F.3d at 877; *Seaman*, 179 F.3d at 301.

While DeBlanc's allegations are somewhat unclear, it seems that she is claiming Bruno filed his complaint because DeBlanc had engaged in the "protected" activity of "oppos[ing] [an] act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). In this regard, DeBlanc "must show that [she] had a 'reasonable belief that the employer was engaged in unlawful employment practices.'" *St. John v. Sirius Solutions, LLLP*, 299 F. App'x 308, 308 (5th Cir. 2008) (per curiam) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007)). In other words, DeBlanc must have reasonably believed that St. Tammany's actions were unlawful *under the ADA* in order to have engaged in a "protected" activity for purposes of establishing a prima facie case of retaliation. But as DeBlanc herself admits (and indeed argues on appeal), she did *not* have a reasonable belief that St. Tammany was engaged in an unlawful employment practice under the ADA at the time her attorney sent Bruno the letter, because she states that it was Bruno's complaint which informed her that her firing was potentially discriminatory. Thus, assuming DeBlanc is correct that Bruno filed his complaint after receiving the letter from DeBlanc's attorney, the letter itself could not constitute opposition to an act or practice made unlawful by the ADA. Furthermore, nothing in the letter suggests a contrary conclusion, as the letter merely requests "amounts due" under Louisiana law and an explanation for DeBlanc's termination—indeed, the fact that the letter requests such an explanation suggests DeBlanc did not have a reasonable belief that St. Tammany's actions were unlawful under the ADA when the letter was sent. Accordingly, DeBlanc has not shown that hiring the attorney, sending the letter, or any other act on her part prior to the filing of Bruno's complaint was

7

Case: 15-30367    Document: 00513415803    Page: 8    Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 9 of 11

No. 15-30367

"protected activity," i.e. "oppos[ing] any act or practice *made unlawful by [the ADA]*."42 U.S.C. § 12203(a) (emphasis added); *see also Yount v. S & A Restaurant Corp.*, 226 F.3d 641, at \*3 (5th Cir. 2000) (unpublished table decision) ("'[T]he relevant question . . . [is] whether the employee's communications to the employer sufficiently convey the employee's reasonable concerns that the employer has acted or is acting in an unlawful discriminatory manner.'" (quoting *Garcia-Paz v. Swift Textiles, Inc.*, 873 F. Supp. 547, 560 (D. Kan. 1995)) (emphasis omitted)); *Turner*, 476 F.3d at 349 ("Because [the plaintiff] could not have reasonably believed that [a co-worker's] conduct described in [an] email constituted an unlawful employment practice under Title VII, this incident cannot give rise to protected activity.").

### III.

DeBlanc lastly takes issue with the district court's refusal to grant her motion for a continuance under Federal Rule of Civil Procedure 56(d) in order to allow her to secure counsel and conduct discovery. "We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citing *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). In light of the foregoing discussion, and in light of the fact that the district court had already granted two previous continuances on the motion for summary judgment, we see no abuse of discretion in the court's decision to deny DeBlanc's request—indeed, as the district court noted, "[i]t is unclear . . . how any further discovery would reveal Plaintiff's claims to be timely or meritorious." *See id.* at 894–95 (finding no abuse of discretion in the denial of a Rule 56(d) motion because the requested discovery "was unlikely to . . . have influenced the outcome of the summary judgment motion").

Having concluded that the district court (1) did not abuse its discretion in declining to apply equitable tolling to save DeBlanc's ADA discrimination

8

Case: 15-30367    Document: 00513415803    Page: 9    Date Filed: 03/11/2016
Case 2:13-cv-06253-CJB-SS   Document 41   Filed 03/15/16   Page 10 of 11

No. 15-30367

claim, (2) did not err in determining that DeBlanc had failed to make a prima facie showing on her ADA retaliation claim, and (3) did not abuse its discretion in declining to grant DeBlanc's motion for a continuance, we AFFIRM the district court's grant of summary judgment.

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

March 11, 2016

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

No. 15-30367    Cynthia DeBlanc v. St. Tammany Parish School Bd
                USDC No. 2:13-CV-6253

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Dawn D. Victoriano, Deputy Clerk
504-310-7717

cc:
    Ms. Cynthia DeBlanc
    Mr. Shane Austin Jordan
    Mr. Harry Platton Pastuszek Jr.
    Mr. David Scott Pittman